MARION M. SEWARD, Respondent, *v.* NEW YORK CENTRAL RAIL-ROAD COMPANY, Appellant.

County Court, Rensselaer County, May 22, 1928.

*Whalen, Murphy, McNamee & Creble* [*William H. Winston* of counsel], for the appellant.

*John P. Judge*, for the respondent.

BREARTON, J. It appears that the plaintiff entered the defendant's railroad station at Ravena, N. Y., and asked for a ticket from Alexandria, Va., to Ravena. It appears affirmatively that that kind of ticket could not be sold to plaintiff at that office and she was so informed and there was some talk about wiring fifteen

dollars in place of the ticket. It is undisputed that the plaintiff was told that she could send money by telegraph or money order. It is also undisputed that she said she did not want to send it by money order. Plaintiff's witness McCauley said that they asked for Western Union service and the defendant's agent refused to give them a blank. It is not clear from the testimony whether the plaintiff wanted or was refused a telegraph blank. Neither is it clear that telegraph service was at the time an accommodation, advantage or privilege available there to any person.

The action is based upon the refusal of the defendant to sell the plaintiff a railroad ticket or to give any information regarding its purchase. It is an action to recover the penalty provided by statute and it is incumbent upon the plaintiff to prove that she was denied an accommodation, advantage or privilege that was available there to others. There is a failure of proof on these points but it may be that the proof can be supplied on a new trial. It may be conceded further that the plaintiff was treated with disrespect and was called the names that she testified to. While that kind of conduct should be condemned, it cannot of itself be made the basis of a recovery in this action.

Judgment is reversed and a new trial ordered, costs to abide the event.